United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH E. BOATRIGHT JR.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AURORA LOAN SERVICES,<br><br>　　　　Defendant.　　　　　　　／ | No. C -12-00009 EDL<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION AND ORDERING BRIEFING** |

　　　　On May 10, 2012, Plaintiff filed a Motion for Leave to File a Motion for Reconsideration on the grounds that there has been a manifest failure of the Court to consider material dispositive legal argument in the April 27, 2012 Order Granting Defendant's Motion to Dismiss. A district court has the discretion to reconsider its prior orders. Sch. Dist. No. 1 J, Multnomah Cnty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993). Reconsideration is appropriate if the district court: (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Id.; see also Civ. L.R. 7-9(b). Aside from these factors, a district court also has inherent authority to reconsider an interlocutory decision to prevent clear error or prevent manifest injustice. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988). Generally, motions for reconsideration are disfavored, and are not the place for parties to make new arguments not raised in their original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988). Nor is reconsideration to be used to ask the Court to rethink what it has already thought. See United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D. Ariz.1998) (citing Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va.1983)).

　　　　Here, Plaintiff argues that he has standing under 11 U.S.C. § 1306(b) and Kelsey v. Waste

Management of Alameda County, 76 Cal.App.4th 590 (1999) to maintain this action, and that the Court erred in ruling that Plaintiff was barred by judicial estoppel from proceeding with this action. However, Plaintiff did not cite Kelsey or § 1306 in its opposition brief or at the hearing. See Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877 (9th Cir. 2000) ("Indeed, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.' A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.") (internal citations omitted); Network Appliance Inc. v. Sun Microsystems Inc., 2008 WL 4712604, at *1 (N.D. Cal. Oct. 22, 2008) ("NetApp also raises new arguments and presents new evidence on the '715 patent that were not previously argued or presented to the Court. NetApp has failed to make the showing required under Local Rule 7-9 for leave to file a motion for reconsideration. This Local Rule is designed to promote the just, speedy and inexpensive (or, at least, less expensive) determination of every action, as required by Rule 1 of the Federal Rules of Civil Procedure. It would be unworkably burdensome, inefficient and unfair for the Court to hear new arguments that could have been made prior to its rulings."). Accordingly, Plaintiff's Motion for Leave is denied.

However, the Court, sua sponte, raises a different issue regarding whether the ruling on judicial estoppel should be reconsidered. A court may consider three factors in deciding whether to exercise its discretion in applying judicial estoppel: (1) ". . . a party's later position must be 'clearly inconsistent' with its earlier position" (Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001)); (2) the party must have "succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled'" (Id.); and (3) the court must determine "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped" (Id. at 783). This is not an inflexible standard, or an "exhaustive formula for determining the applicability of judicial estoppel." Id.

In particular, the Court raises the issue of whether the dismissal of Plaintiff's bankruptcy

case constitutes acceptance by the bankruptcy court of Plaintiff's incomplete schedule of assets for purposes of the second factor of the judicial estoppel analysis. In ruling on Defendant's Motion to Dismiss, the Court found that the question of whether Plaintiff persuaded the bankruptcy court to accept his incomplete schedule of assets was a close one. The Court decided that question against Plaintiff, but now requests briefing on that issue in light of <u>Gottlieb v. Kest</u>, 141 Cal.App.4th 110 (2006). The parties shall file briefs on this issue no later than June 18, 2012. Briefs shall be no longer than five pages.

IT IS SO ORDERED.

Dated: June 1, 2012

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge